*I see no need f a conference. Although the report and exhibits and appendices are lengthy, Quinn Emanuel is directed to submit a copy to me for in camera review. (I will return my copy once I note).*

*Maas, USMJ,*
*7/9/12*

July 2, 2012

**JENNER&BLOCK**

Jenner & Block LLP     Chicago
919 Third Avenue     Los Angeles
37th Floor     New York
New York, NY 10022     Washington, DC
Tel 212-891-1600
www.jenner.com

Carletta F. Higginson
Tel 212 891-1624
Fax 212 909-0817
chigginson@jenner.com

**VIA FACSIMILE**

Hon. Frank Maas
United States Magistrate Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
MEMO ENDORSED

**Re: *Brookfield Asset Management, Inc. et ano. v. AIG Financial Products Corp. et ano. 09-CV-8285***

Dear Judge Maas:

     Brookfield respectfully submits this letter and requests a telephonic conference with the Court in the hopes of resolving this issue prior to our next conference in front of Your Honor.

     As Your Honor may recall, Brookfield requested that AIG be ordered to produce "one document and its *appendices and exhibits*" pertaining to reviews of the adequacy of AIG's loss reserves created by Milliman in 2009. (June 5, 2012 Tr. at 9:21-22) (emphasis added). As AIG noted, "[i]t sounds like they're looking for a single document with appendices." (Tr. at 14:18-19.) While AIG has produced the "single document" and "Summary Exhibits," it now refuses to produce the "Technical Appendix" to that document, precisely the appendix or "file" that Your Honor ordered AIG to produce. (Tr. at 14:15-17; 16:8-14.)

     Brookfield's request was based on the fact that loss reserves are typically one of the largest entries on the balance sheet of property and casualty insurers and are subject to extensive diligence by potential acquirers of these companies in case the target of acquisition has been under-reserving. For an entity the size of Chartis, due diligence on loss reserves could merit a price adjustment of billions of dollars.

     On June 8, 2012, AIG produced a partial copy of an April 8, 2009 report prepared by Milliman (selections attached as Ex. A.) The table of contents of this report lists five narrative sections (Background and Scope, Disclosures, Findings, Analysis, and Limitations), Summary Exhibits, and the Technical Appendix (Ex. A at 3.) Even though the Technical Appendix clearly forms part of the Milliman report, AIG omitted the Technical Appendix from its production, claiming that it constitutes "underlying data" that Your Honor did not order AIG to produce.

     Contrary to AIG's claims, the "Technical Appendix" is an integral part of the Milliman report, as indicated by the table of contents, and is not the type of separate "underlying data"

MEMO ENDORSED

which Your Honor was hesitant to require AIG to collect and produce. Brookfield also believes that the Technical Appendix contains the critically important loss reserve information Brookfield has been seeking – the claims development and other information that a property casualty actuary needs in order to evaluate the adequacy of the reserves. There is no indication that it would be remotely burdensome for AIG to produce this last section of the Milliman report. Consequently, we respectfully request that Your Honor order AIG to produce the "Technical Appendix" section of the Milliman report.

Respectfully,

Carletta F. Higginson

cc. Jonathan Pickhardt *(counsel for AIG & AIG-FP) (via email)*

2